OPINION
{¶ 1} Appellant John Darlack appeals the decision of the Ashland County Court of Common Pleas challenging the sentence imposed by the trial court in this matter. The following facts give rise to this appeal.
 {¶ 2} On June 20, 2005, the trial court sentenced appellant after he entered guilty pleas to the offenses of theft, robbery and breaking and entering. The trial court imposed a two-year prison term for the robbery offense; an eight-month prison term for the breaking and entering offense; and a six-month prison term for the theft offense. The trial court ordered the prison terms for the theft and breaking and entering offenses to be served concurrently to the prison term for the robbery offense.
 {¶ 3} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 4} "I. THE TRIAL COURT ERRED IN ORDERING PRISON TERMS FOR FIFTH DEGREE NONDRUG FELONY OFFENSES AND NOT SPECIFYING AT SENTENCING, THAT IT FOUND ONE OR MORE OF THE FACTORS JUSTIFYING IMPOSITION OF A PRISON SENTENCE SPECIFIED IN ORC 2929.13(B)(1)(a) THROUGH (i).
 {¶ 5} "II. THE TRIAL COURT'S SENTENCE IN THE INSTANT CASE IS CONTRARY TO LAW AND DOES NOT SERVE THE OVERRIDING PURPOSES OF FELONY SENTENCING.
 {¶ 6} "III. THE TRIAL COURT ERRED IN IMPOSING SENTENCE UPON THE DEFENDANT IN EXCESS OF THE MINIMUM SENTENCE ON ALL COUNTS AS REQUIRED BY THE CONSTITUTION . U.S. CONST. AMEND. VI."
 III {¶ 7} We will address appellant's Third Assignment of Error first as we find it dispositive of this matter on appeal. In this assignment of error, appellant maintains the trial court erred when it imposed a sentence in excess of the minimum sentence on all felony counts because Ohio's sentencing statute is unconstitutional insofar as it provides for imposition of a sentence above the minimum permitted by law absent further judicial findings. Pursuant to the Ohio Supreme Court's recent decision in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, we agree.
 {¶ 8} The Ohio Supreme Court's decision in the Foster case is based upon three opinions from the United States Supreme Court. The first decision, Apprendi v. New Jersey, (2000),530 U.S. 466, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490.
 {¶ 9} The second decision pertinent to the Ohio Supreme Court's analysis in Foster is Blakely v. Washington (2004),542 U.S. 296. In Blakely, the Court held that "* * * the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the factsreflected in the jury verdict or admitted by the defendant. * * * In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Emphasis sic.) Id. at 303-304.
 {¶ 10} The final case relied upon by the Ohio Supreme Court is United States v. Booker (2005), 543 U.S. 220. In theBooker decision, the Supreme Court found that the federal sentencing guidelines violated the Sixth Amendment because they required the judge rather than the jury to make findings of fact necessary for punishment. Id. at 233-234. As a remedy for theBlakely violations, the Court held that the sentencing guidelines must be treated as advisory only, with the maximum sentence being the top of the range set by the statute under which the defendant was convicted. Id. at 259.
 {¶ 11} Pursuant to the Apprendi, Blakely and Booker
decisions, the Ohio Supreme Court addressed Ohio's sentencing statutes pertaining to the following areas: (1) more than the minimum prison term [R.C. 2929.14(B)]; (2) the maximum prison term [R.C. 2929.14(C)]; (3) consecutive prison terms [R.C.2929.14(E)(4)]; (4) prison rather than community control for lower level felonies [R.C. 2929.13(B)(2)(a) and R.C.2929.13(B)(2)(b)]; (5) and repeat violent offender and major drug offender penalty enhancements [R.C. 2929.14(D)(2)(a), R.C.2929.14(D)(2)(b), and R.C. 2929.14(D)(3)(b)].
 {¶ 12} The Ohio Supreme Court, in Foster, found the following provisions of Ohio's sentencing statute unconstitutional because it required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea. The unconstitutional provisions are as follows: more than the minimum prison term [R.C. 2929.14(B), 2929.19(B)(2) and R.C.2929.41]; the minimum prison term [R.C. 2929.14(C)]; consecutive prison terms [R.C. 2929.14(E)(4)]; repeat violent offender [R.C.2929.14(D)(2)(b)]; and major drug offender [2929.14(D)(3)(b)]. Thus, under the Blakely analysis, only the provisions of the sentencing statute addressing prison rather than community control for lower level felonies [R.C. 2929.13(B)(2)(a) and R.C.2929.13(B)(2)(b)] and repeat violent offender [R.C.2929.14(D)(2)(a)] are constitutional.
 {¶ 13} To remedy Ohio's felony sentencing statutes, the Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. Thus, the Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 14} In applying the Foster decision to the facts of the case sub judice, appellant correctly concludes that R.C.2929.14(B) is unconstitutional because it authorized the trial court to exceed the shortest prison term if it made additional judicial findings. Accordingly, because appellant's sentence is based upon an unconstitutional statute that is deemed void, this matter is remanded to the trial court for a new sentencing hearing.
 {¶ 15} Appellant's Third Assignment of Error is sustained. We will not address appellant's First and Second Assignments of Error as they are moot based upon our disposition of appellant's Third Assignment of Error.
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, P.J. Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to Appellee State of Ohio.